**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4133**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

SYLVESTER CUEVAS,

             Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Irene C. Berger, District Judge.  (5:10-cr-00112-1)

Submitted:  March 19, 2013          Decided:  April 10, 2013

Before SHEDD and FLOYD, Circuit Judges, and Arenda Wright ALLEN, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

David O. Schles, LAW OFFICE OF DAVID SCHLES, Charleston, West Virginia, for Appellant.  R. Booth Goodwin, United States Attorney, Charleston, West Virginia, John L. File, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for  Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvester Cuevas pled guilty to a two-count information charging him with (1) committing an assault causing serious bodily injury within the special maritime and territorial jurisdiction of the United States and (2) assaulting a person assisting the United States Marshal in the performance of the Marshal's official duties. Before sentencing, Cuevas moved to exercise his right of self-representation. Following a hearing, the district court denied the motion, finding that Cuevas' request to waive his right to counsel was not knowing and intelligent. Cuevas thereafter proceeded to sentencing represented by court-appointed counsel. The court sentenced Cuevas to a 96-month imprisonment term to run consecutively to an undischarged term he was already serving.

Cuevas now appeals his sentence, primarily arguing that the court erred in denying his self-representation motion. We review this matter de novo, but in doing so, we review findings of historical fact for clear error. United States v. Bush, 404 F.3d 263, 270 (4th Cir. 2005). In Bush, we explained:

> We review the sufficiency of a waiver of the right to counsel by evaluating the complete profile of the defendant and the circumstances of his decision as known to the trial court at the time, by examining the record as a whole. In determining whether a defendant properly has exercised his right to self-representation and waived his right to counsel, we ascertain whether the assertion of the right to self-representation is (1) clear and unequivocal; (2)

2

knowing, intelligent and voluntary; and (3) timely. The requirement that the assertion be clear and unequivocal is necessary to protect against an inadvertent waiver of the right to counsel by a defendant's occasional musings, and it also prevents a defendant from taking advantage of and manipulating the mutual exclusivity of the rights to counsel and self-representation. Additionally, in ambiguous situations created by a defendant's vacillation or manipulation, we must ascribe a constitutional primacy to the right to counsel. At bottom, the . . . right to self-representation is not absolute, and the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer.

404 F.3d at 270-71 (internal punctuation altered and citations omitted).

In light of the foregoing standard, and based on our review of the record and the parties' arguments, we hold that the district court did not err by denying Cuevas' self-representation motion. The court conducted a full hearing into the matter, and we find no fault with its reasonable conclusion – based on Cuevas' own statements – that his waiver was not knowingly and intelligently made. As the court explained, a number of Cuevas' statements were "inconsistent" and revealed "a lack of appreciation" for what he was giving up by attempting to proceed pro se. J.A. 104.

Accordingly, we affirm Cuevas' sentence. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED